UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONOCOPHILLIPS CO.,

        Plaintiff,

vs.

        Case No. 05-CV-72407
        HON. GEORGE CARAM STEEH

M.H.I. INVESTMENTS, L.L.C., et al.,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#20)

Plaintiff ConocoPhillips Co. ("CPC") moves for summary judgment as to its claims for personal liability against defendant Marwan N. Haidar. A hearing on the motion was held on June 14, 2006.

CPC filed a complaint on June 17, 2005 alleging defendant M.H.I. Investments, LLC, defaulted under the terms of several promissory notes for which defendant Haidar signed personal guarantees. CPC alleges the defendants are liable for breach of contract and quantum meruit in the amount of $1,701,534.17. Default judgment was entered against M.H.I. on December 21, 2005 for $1,701,534.17. On March 27, 2006, CPC filed the instant motion for summary judgment regarding its remaining claims of personal liability against Haidar.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

In responding to CPC's motion for summary judgment, Haidar does not deny the existence of his written personal guarantee nor that he executed the guarantee. Rather, Haidar relies on an asserted affirmative defense of fraud in the inducement, claiming that he did not know he was signing a personal guarantee, and that he was never told he was signing a personal guarantee. Haidar also asserts that CPC's representative told him that the paperwork he was signing represented an agreement between only CPC and M.H.I.. Specifically, Haidar attests in his affidavit that CPC's representative told him that the paperwork he was signing, including the personal guarantee, was "routine" and "standard," "never mention[ing] anything about a personal guarantee," which Haidar claims he "never would have signed."

Under applicable Michigan law, "[o]ne who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms." Stark v. Kent Products, Inc., 233 N.W.2d 643, 645 (Mich. Ct. App. 1975) (citing Int'l Transp. Ass'n v. Bylenga, 236 N.W. 771 (1931)). CPC's alleged representation to Haidar that the contract he was signing was "routine" and "standard" does not support a

2

finding of fraud in the inducement because Haidar is not excused from his contractual responsibilities simply because he did not read it.  Stark, 233 N.W.2d at 645; Savage v. Lincoln Beneficial Life Co., 49 F. Supp. 2d 536 (E.D. Mich. 1990); Watts v. Polaczyk, 619 N.W.2d 714 (Mich. Ct. App. 2000).  Haidar's attestation that CPC's representative did not explicitly draw Haidar's attention to the personal guarantee is immaterial.  Id.  Haidar's attestation that CPC's representative assured him that the paperwork represented an agreement only between Haidar and M.H.I. is likewise unavailing.  Id.  "Fraud will not lightly be inferred and in the absence of such gross mistakes as would necessarily imply bad faith or a failure to execute an honest judgment, [an agreement] may not be set aside."  Nat'l Labor Relations Bd. v. Volney Felt Mills, Inc., 210 F.2d 559, 560 (6th Cir. 1954).  "In order to show excusable ignorance, the party asserting the defense [of fraud in the inducement] must show that it carried its 'basic responsibility' . . . to review a document before signing it."  Elec. Workers Local 58 Pension Trust Fund v. Gary's Elec. Serv. Co., 227 F.3d 646, 657 (6th Cir. 2000).

Defendant Haidar has failed to proffer evidence to demonstrate that a genuine issue of fact remains for trial.  First Nat'l Bank, 391 U.S. at 270.  Construing the pleadings and evidence in a light most favorable to Haidar, CPC is entitled to summary judgment as a matter of law. Amway Distributors, 323 F.3d at 390.

Plaintiff CPC's motion for summary judgment is hereby GRANTED.  Judgment shall enter in favor of CPC and against Haidar in the amount of $1,701,534.17.

SO ORDERED.

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2006

## CERTIFICATE OF SERVICE

    Copies of this Order were served on the attorneys of record on August 23, 2006, by electronic and/or ordinary mail.

                                          s/Josephine Chaffee
                                          Secretary/Deputy Clerk